# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4641 | DATE | 9/12/2002 |
| CASE TITLE | BANK ONE, N.A. vs. ROCHELLE EVERLY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held. Enter Memorandum Opinion And Order. The second amended complaint to foreclose mortgage is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 13 2002 | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BANK ONE, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 4641 |
| v. ) | |
| ) | Judge John W. Darrah |
| ROCHELLE EVERLY, MAURICE F. CODY, ) | |
| PACIFIC COAST INVESTMENT CO., UNITED ) | |
| STATES OF AMEREICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Bank One, filed a Second Amended Complaint To Foreclose Mortgage ("Complaint") in the Circuit Court of Cook County against multiple defendants, including the United States of America ("United States"). The United States removed the Second Amended Complaint to this Court and filed the presently pending motion to dismiss. Bank One did not file a response to the motion to dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is only warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Bank One filed a complaint to foreclose its mortgage against the real property commonly known as 6806 South Constance Avenue (the "Constance Property"). In May 2002, Bank One filed a Second Amended Complaint. Maurice F. Cody ("Cody") was made a party to terminate his unspecified interest in the Constance Property. Bank One joined the United States to terminate its interest, which the complaint describes as "United States of America, by virtue of a

*Lis Pendens* recorded 4/18/01 as Document No. 0010316853, U.S. against Maurice Cody, Case 01 CR 261."

As to the criminal case referred to in the Complaint, on March 20, 2001, the United States filed its indictment against Cody. Pursuant to 18 U.S.C. § 982 and as a result of violations of 18 U.S.C. §§ 1956 and 1957, the indictment sought forfeiture of the Constance Property.[1]

The United States moves to dismiss the Complaint, arguing that this Court lacks subject matter jurisdiction pursuant to 21 U.S.C. § 853(k)(2).

Section 853(k)(2) provides:

> Except as provided in subsection (n)[2], no party claiming an interest in property subject to forfeiture under this section may–
> (1) ***
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k)(2).

In the instant case, Bank One commenced its foreclosure action against the United States subsequent to the United States' filing the indictment that alleged the Constance Property was subject to forfeiture. Based on the plain language of Section 853(k)(2), Bank One cannot bring its civil action against the United States. *See Roberts v. United States*, 141 F.3d 1468, 1470 (11th Cir. 1998) (dismissing civil action pursuant to 21 U.S.C. 853(k)(2) because alleged property was subject to criminal forfeiture).

---

[1] On a motion to dismiss, the court may take judicial notice of court documents which are a matter of public record. *Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).

[2] Subsection (n) allows a third party to challenge a final order of forfeiture entered under Section 853. *See* 21 U.S.C. § 853(n).

Based on the above, the United States' motion to dismiss is granted. The Second Amended Complaint to Foreclose Mortgage is dismissed with prejudice.

Dated: September 12, 2002

JOHN W. DARRAH
United States District Judge